Law Library

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM            )
                             )    CRIMINAL CASE NO. CF0428-94
           vs.                )
                             )    **DECISION AND ORDER**
MARK BAMBA ANGOCO,            )
                             )
           Defendant.         )
_____)

## INTRODUCTION

This matter came before the Honorable Katherine A. Maraman on the Defendant's six (6) motions to dismiss and motion for a bill of particulars, filed May 18, 2011. Oral arguments were heard on January 18, 2012. Attorneys David J. Lujan, Leilani V. Lujan, and Delia S.L. Wolff represented the Defendant and Assistant Attorney General Gerald L. Henderson appeared on behalf of the Government. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On January 18, 1995, the Defendant was charged by the first superceding indictment with premeditated aggravated murder, felony aggravated murder, robbery, burglary, possession and use of a deadly weapon in the commission of a felony, and other charges. The pertinent charge of the first superceding indictment reads as follows:

### Second Charge

On or about the 29th day of October, 1994, in the Territory of Guam, MARK BAMBA ANGOCO and JOHN JUNIOR PANGELINAN, with criminal negligence, caused the death of another human being, that is, Darwin Datuin, during the commission of the felony of robbery as alleged in the Third Charge below, an offense set forth under 9 G.C.A. Chapter 40, in violation of 9 G.C.A. §§ 16.30(a)(2), 16.30(b) and 4.60.

On April 27, 1995, the jury found the Defendant guilty of the second charge *supra* and acquitted him of the other offenses, including the underlying felony of robbery. This verdict was upheld on appeal. *People v. Angoco*, Crim. No. 95-00094A, 1996 WL 875777 (D. Guam App.

Div. Oct. 16, 1996). The Ninth Circuit further upheld the conviction. *People v. Angoco*, 131 F.3d 147 (9th Cir. 1997).

Thereafter, the Defendant petitioned for the writ of *habeas corpus* on the basis of the ineffective assistance of appellate counsel. On June 17, 1999, the Superior Court granted the writ and ordered that the Defendant be either released or retried on the second charge *supra*. *Angoco v. Bitanga*, SP0039-98 (Super. Ct. Guam Corpus June 17, 1999). The Supreme Court affirmed the writ on July 11, 2001. *Angoco v. Bitanga*, 2001 Guam 17.

On February 6, 2003, the Court denied a motion to dismiss retrial of the second charge on the basis of double jeopardy. The Defendant appealed this decision, and the Supreme Court found that a retrial of the second charge of felony aggravated murder during the commission of robbery is not barred by the doctrine of collateral estoppel and does not offend the doctrine of double jeopardy. *People v. Angoco*, 2004 Guam 11. The Supreme Court specifically held that, "on retrial Angoco must be retried on the [second] charge as it is specified in the superceding indictment." *Id* at ¶ 27.

On February 1, 2011, the Government filed a second superceding indictment with eight (8) charges of felony aggravated murder for the death of Darwin Datuin on October 29, 1994. The eight (8) charges accuse the Defendant of criminal homicide with four (4) different mental states during the commission of robbery and during the commission of burglary. All eight (8) charges include the special allegation of the possession and use of a deadly weapon in the commission of a felony.

On May 18, 2011, the Defendant filed a motion for a bill of particulars in addition to six (6) motions to dismiss. The Defendant moves to dismiss the second superceding indictment on the grounds that it offends double jeopardy, is multiplicitous, is based upon undisclosed exculpatory evidence, offends felony murder principles, and takes an inconsistent and tactical position which should be judicially estopped. The Defendant further moves to dismiss the prosecution on the basis that John Junior Pangelinan, the co-defendant, was the sole cause of the death of Darwin Datuin.

///

## DISCUSSION

### I. The Second Superceding Indictment

Pursuant to the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *People v. Hualde*, 1999 Guam 3 ¶ 13 (citing *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). The law of the case doctrine, "is more compelling on remand, where an appellate court's prior ruling controls further proceedings in the trial court." *People v. Rios*, 2011 Guam 6 ¶ 22. However, "[a] court has the discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Hualde*, 1999 Guam 3 ¶ 13.

In this case, the Supreme Court of Guam previously considered a challenge to the retrial of the Defendant. In *People v. Angoco*, 2004 Guam 11, the Supreme Court decided that the Defendant's retrial is limited to the second charge of the January 18, 1995 superceding indictment. *Id.* at ¶ 25. The Court held, "that a retrial of Angoco after a reversal due to such trial error does not offend the doctrine of double jeopardy and on retrial Angoco must be retried on the charge as it is specified in the superceding indictment. ...This matter is remanded for retrial consistent with this Opinion." *Id.* at ¶ 27 (emphasis omitted). On remand, the law of the case doctrine is more compelling and the trial Court is precluded from reconsidering which charges are allowed on retrial after the issue was decided by the Supreme Court in *Angoco*, 2004 Guam 11. For this reason, the Court is compelled to follow the mandate of the Supreme Court that the Defendant must be retried on the second charge as it is specified in the January 18, 1995 superceding indictment.

Furthermore, the parties do not allege any judicial error, change in law, change in evidence, change in circumstances or manifest injustice that would result from following the mandate of *Angoco*, 2004 Guam 11. The Court cannot find an exception to depart from the law of the case doctrine, and it shall not exercise its discretion to do so. On this basis, the Court shall

follow the mandate of *Angoco*, 2004 Guam 11 and require that the Defendant be retried on the second charge as it is specified *supra*.

The Government recently filed a second superceding indictment that includes eight (8) charges of felony aggravated murder with the special allegation of the possession and use of a deadly weapon. The new indictment does not cause the Defendant's retrial on the second charge of the first superceding indictment. Each new charge indicts the Defendant with an offense that of which he was acquitted at trial. This offends the doctrines of double jeopardy and collateral estoppel as they are discussed in *Angoco*, 2004 Guam 11. Pursuant to the law of *Angoco*, 2004 Guam 11, the Court is precluded from reconsidering the issue of whether the Defendant may be retried on any offense other than the second charge of the January 18, 1995 superceding indictment. The second superceding indictment does not follow the mandate of *Angoco*, 2004 Guam 11, and on this basis it shall be dismissed.[1]

## II. Dismissal for Lack of Causation

Title 9 GCA § 7.67 provides that,

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
> …
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction.

Section 7.67 gives a court the discretion to dismiss an inappropriate prosecution of a *de minimis* offense and thereby, "prevent absurd applications," of the criminal law. 9 GCA § 7.67 cmt. *See also People v. Perez*, 2004 Guam 4 ¶ 8 *et seq.*

In this case, the Defendant asserts that he cannot be prosecuted for the mental state of criminal negligence or for the robbery because he was acquitted of those offenses. On this basis, the Defendant contends that the prosecution must be dismissed pursuant to Section 7.67 because it is impossible to find that he caused the death of Darwin Datuin. The Court does not agree.

---

[1] Because the second superceding indictment is dismissed on the basis of *Angoco*, 2004 Guam 11, the Court shall decline to address the Defendant's motion for a bill of particulars and his motions to dismiss the indictment for double jeopardy, multiplicity, exculpatory evidence, judicial estoppel, and the felony murder rule.

In *Angoco*, 2004 Guam 11 ¶ 15, the Supreme Court found that the Defendant's state of criminal negligence was not necessarily decided by the jury because of an inconsistent verdict, *inter alia*. Furthermore, the Supreme Court found that the Defendant's acquittal of robbery does not bar a retrial of aggravated murder during the commission of robbery because,

> [T]he completion of the underlying felony is not an essential element of felony murder. The two crimes are 'substantively and generically entirely separate and disconnected offenses' so that an acquittal of the underlying felony is not inconsistent with a conviction of felony murder.

*Id.* at ¶ 23 (citing *People v. Murray*, 92 A.D.2d 617, 617 (N.Y. App. Div. 1983). On these grounds, the Supreme Court mandated retrial on the specific offense of aggravated murder by criminal negligence during the commission of robbery. *Id.* at ¶ 27. This specific retrial is not precluded by his acquittals, and the Court shall not dismiss the prosecution as *de minimis* on this basis.

The Defendant also argues on a single bullet theory that the co-defendant, John Junior Pangelinan, must be the sole cause of the homicide because he was convicted of aggravated murder with a deadly weapon. On this basis, the Defendant contends that the prosecution must be dismissed pursuant to 9 GCA § 7.67 because it is impossible to find that he caused the death of Darwin Datuin. The Court does not agree.

Under Guam law, "[a] person is guilty of criminal homicide if he causes the death of another human being...by criminal negligence." 9 GCA § 16.20(a)(5). Homicide caused by criminal negligence constitutes aggravated murder when it occurs during the commission of a felony. 9 GCA § 16.30(a)(2); *see also People v. Mikel*, No. 92-00114A, 1993 WL 470410, at *2-3 (D. Guam App. Div. 1993). A person acts with criminal negligence when he, "should be aware of a substantial and unjustifiable risk that circumstances exist or that his conduct will cause the result and his failure to be aware of the risk constitutes a gross deviation" from the reasonable standard of care in that situation. 9 GCA § 4.30(d).

In this case, pursuant to *Angoco*, 2004 Guam 11 and the second charge of the first superceding indictment, the prosecution must prove beyond reasonable doubt that the Defendant failed to be aware of the risk of death under the circumstances or by his conduct and in gross deviation from reasonable care. The single bullet theory does not preclude a finding that the

Defendant acted with criminal negligence and thereby caused the death of Darwin Datuin during the commission of robbery. For this reason, the Court shall not dismiss the prosecution as *de minimis* and the Defendant's motion shall be denied.

///

///

///

**CONCLUSION**

Based upon the foregoing, the second superceding indictment, filed February 1, 2011, is hereby DISMISSED. Pursuant to *People v. Angoco*, 2004 Guam 11 ¶ 27 and *Angoco v. Bitanga,* SP0039-98 (Super. Ct. Guam Corpus June 17, 1999), the Defendant must be released or retried on the second charge as it appears in the first superceding indictment, filed January 18, 1995.

Furthermore, the Defendant's motion to dismiss for a lack of causation is hereby DENIED.

**SO ORDERED this 3ʳᵈ day of April, 2012.**

_____
**HONORABLE KATHERINE A. MARAMAN**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in this office.